IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES HAYNES,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:05-cv-00820

DR. TEODORO JIMENEZ and
PRIMECARE MEDICAL OF WV, INC.,

        Defendants.

**MEMORANDUM OPINION**

Pending before the Court are Defendants' Motion for Summary Judgment [Docket 24] and Plaintiff's Motion to Proceed [Docket 26]. By Standing Order entered July 21, 2004, and filed in this case on October 11, 2005, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings of Fact and a Recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).[*] On January 31, 2008, Magistrate Judge VanDervort filed his PF&R, recommending that Plaintiff's Motion to Proceed [Docket 26] be **DENIED**, Defendant's Motion for Summary Judgment [Docket 24] be **GRANTED**, and Plaintiff's case be **DISMISSED**.

*I. BACKGROUND*

The factual and procedural history is set forth more fully in the PF&R. Relevant to this Memorandum Opinion, Plaintiff filed the instant lawsuit on October 11, 2005, alleging that he was

---

[*] This case was originally assigned to United States District Judge David E. Faber, however, on April 17, 2006, the case was reassigned to this Court.

denied adequate medical care during his incarceration at Southern Regional Jail between February 15, 2000, and August 10, 2000, by Defendant Teodoro Jiminez, who was his treating physician and is employed by Defendant PrimeCare Medical. Plaintiff contends that Defendants' medical negligence violated his Eighth and Fourteenth Amendment rights, however, his claim was liberally construed by the Magistrate Judge pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), as brought under 42 U.S.C. § 1983.

Prior to filing the instant lawsuit, Plaintiff was involved in two other cases involving the same set of facts: one filed in this Court on January 17, 2001 under § 1983 and another filed in the Circuit Court of Kanawha County, West Virginia on September 11, 2003 under West Virginia's Medical Professional Liability Act (MPLA). Both cases were dismissed on the merits. The Magistrate Judge found, among other things, that both cases involved the same parties or their privies as the instant case, and that Plaintiff had a full and fair opportunity to litigate his claims in those cases. Thus, the Magistrate Judge recommends that Plaintiff's current claims be barred by the doctrines of res judicata and collateral estoppel. The Magistrate Judge further found that Plaintiff's claims are barred by the applicable statute of limitations, that claims for medical negligence must be brought pursuant to the MPLA and thus cannot be brought under § 1983, and that the factual allegations are insufficient to state a claim under either the Eighth or Fourteenth Amendment. The Magistrate Judge accordingly recommends that the suit be dismissed on those grounds as well.

## *II. ANALYSIS*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure

to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge VanDervort's PF&R were due by February 15, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed. Accordingly, the Court **ADOPTS** the Magistrate Judge's PF&R in its entirety.

### III. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's PF&R [Docket 32], **DENIES** Plaintiff's Motion to Proceed [Docket 26], **GRANTS** Defendant's Motion for Summary Judgment [Docket 24], and **DISMISSES** Plaintiff's Complaint [Docket 1]. A separate Judgment Order will enter this day implementing the rulings contained herein.

ENTER: February 29, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE